UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ISAAC JONES, )
 )
    *Plaintiff,* )
 )
v. ) No. 1:05-CV-148
 ) *Collier*
HAMILTON COUNTY SHERIFF'S )
OFFICE, JAIL, RHEA COUNTY COURT, )
TELEPHONE COMPANIES, TENNESSEE )
STATE PRISON, )
 )
    *Defendants.* )

### MEMORANDUM

Isaac Jones ("Jones" or "plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1). Jones has paid the $250.00 filing fee. Jones complains "I cannot communicate with my lawyer, family friends [sic] by phone nor can I communicate in court clearly because I do not use sign language & they have no close caption" (Court File No. 1). After reviewing the record and the applicable law, the Court concludes that Jones's complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** because he has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. See *Davie v. Wingard*, 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

  1997e. Suits by prisoners
  (a) Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.* Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (unpublished table decision), *available in* 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown v. Toombs,* 139 F.3d at 1104)).

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). Although there is an inmate grievance program in the Hamilton County Jail, there is no proof in the record to demonstrate plaintiff has exhausted his available administrative remedies by fairly presenting his claim to the Hamilton County Jail inmate grievance program. Jones has failed to attach a copy of his grievance and the administrative decision to his complaint or to provide any proof that he has exhausted his administrative remedies. Jones claims he "filled out [an] inmate grievance form" and was told they had a telephone (Court File No. 1). However, Jones claims the telephone did not work when he used it and he also contends the telephone is hardly ever accessible.

Jones has failed to follow the Hamilton County Jail procedure for resolving grievance

problems on the issues presented in his complaint, which has resulted in his failure to exhaust administrative remedies. The Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates. The Hamilton County Jail has a three-step inmate grievance procedure. First, informal resolutions are encouraged between staff and inmates. If an inmate is not satisfied with the outcome of the resolution, the second step is for the inmate to submit an inmate grievance form by placing it in the grievance box. The Jail Captain will assign the grievance to the responsible supervisor for action and/or response. If an inmate is dissatisfied with the resolution of the grievance the third step requires the inmate to appeal to the Chief of Corrections.[1]

An inmate cannot fail to file a grievance or abandon the process before completion and claim he has exhausted his administrative remedies or that it is futile to exhaust remedies because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999) *citing Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997). "'In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.'" *Garfield v. Federal Prison Industries*, 3 Fed.Appx. 292 (unpublished table decision), *available in* 2001 WL 92137, at *1 (6th Cir. Jan 26, 2001) *quoting Knuckles El. v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). Consequently, Jones's failure to attach the grievance and the administrative

---

[1] This is the step Jones failed to take which now prevents this Court from addressing his claims.

decision, and his failure to include particularized averments demonstrating he exhausted his administrative remedies results in him failing to demonstrate he exhausted all administrative remedies that were available to him.

Every claim must be exhausted through the grievance system. A prisoner's complaint which alleges both exhausted and unexhausted claims must be dismissed in its entirety. *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). Thus, Jones has failed to satisfy his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint.

Consequently, Jones's complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because Jones failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter **DISMISSING** the plaintiff's complaint in its entirety.